IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| HANNAH SCITES, | |
| Plaintiff, | |
| v. | CIVIL ACTION FILE NO: |
| INDEPENDENT SCHOLARSHIP, INC., d/b/a VALWOOD SCHOOL | |
| Defendant. | |

### COMPLAINT AND JURY DEMAND

**COMES NOW** Hannah Scites ("Mrs. Scites" or "Plaintiff") by and through her undersigned attorney to hereby file this Complaint and Jury Demand for relief and damages against Independent Scholarship Inc., doing business as Valwood School (hereafter "Defendant", "Valwood", or "the School") as follows.

### NATURE OF THE ACTON

1. This action is to correct unlawful employment practices by Valwood, an independent coeducational college preparatory academy located in Hahira,

1

Geogia. Mrs. Scites worked as a full-time employee for Valwood as its finance manager. During her employment with Valwood, she was the victim of a hostile work environment on the basis of her national origin. She was demeaned, berated, and insulted by staff because she was a foreigner. She complained to her supervisors on several occasions about being harassed at work; however, her complaints of harassment were ignored and went unaddressed. In fact, in one instance, she was told by her supervisor that she should put up with the harassment because she was in "Georgia now." Accordingly, Mrs. Scites brings this lawsuit to recover damages for retaliatory mistreatment. After lodging several complaints, instead of taking prompt action to remedy the harassing behavior, Valwood retaliated against Mrs. Scites by terminating her employment, terminating her children's enrollment in a class at Valwood, and then filing a police report against her, recklessly asserting a claim of fraud. In this lawsuit, Mrs. Scites brings claims against Valwood for its violation of 42 U.S.C. 2000e *et seq.,* Title VII of the Civil Rights Act of 1964 ("Title VII") for an unlawful hostile work environment, retaliatory mistreatment, retaliatory and discriminatory termination, retaliatory termination of her children's enrollment, and post-termination retaliatory conduct of filing a police report against her that resulted in professional harm.

## PARTIES

2. Mrs. Scites is an individual and a resident of the State of Georgia.

3. Mrs. Scites's country of origin is England. She was born and raised there, and she lived in England until the age of 40.

4. In 2019, she emigrated to Valdosta, Georgia, from London, England, with her husband, a military veteran, and their two children.

5. Both of her children were enrolled in a class at Valwood at the time of her termination. Mrs. Scites has worked in the finance industry for 24 years, during the last eight of which she worked as a finance manager.

6. Defendant is an independent coeducational college preparatory academy located in Hahira, Geogia. It was chartered in 1968 and enrolled its first students in 1969.

7. Valwood was founded as a segregationist academy (one of many private schools in the Southern United States that were founded after the *Brown v. Board of Education of Topeka, Kansas*, 349 U.S. 294, (1954) U.S. Supreme Court

case by white parents who did not want their children to attend desegregated public schools).

8. Historically, Valwood has not had a racially or ethnically diverse student body, staff, or faculty.

## SUBJECT MATTER JURISDICTION

9. This Court has subject matter jurisdiction concerning Plaintiff's civil action pursuant to 28 U.S.C. §1331 and 1343, as the allegations in this civil action concern the laws of the United States of America and the deprivation of a right or privilege of a citizen of the United States.

## PERSONAL JURISDICTION

10. Defendant is a Georgia domestic nonprofit corporation doing business in the State of Georgia; as such, Defendant may be served with process concerning this civil action upon its registered agent: Becky Wetherington, 4380 Old US Highway 41N, Hahira, Georgia 31632.

## VENUE

11. Venue is proper in this District (1) pursuant to 28 U.S.C. §1391(b) (1) and (2) because Defendant is located in this District, and the employment practices engaged in by Defendant concerning Plaintiff, which include events and omissions, occurred in this District.

## ADMINISTRATIVE REMEDIES HAVE BEEN EXHAUSTED

12. Mrs. Scites filed a Charge of Discrimination, Number 415-2023-05620, against Defendant with the Equal Employment Opportunity Commission ("EEOC") on May 5, 2023 (See Exhibit No. 1).

13. On September 22, 2023, the EEOC issued Mrs. Scites a Determination and Notice of Rights for EEOC Charge Number 410-2023-05620 ("Right-to-Sue Letter") (See Exhibit No. 2).

14. Mrs. Scites has filed this present civil action within 90 days of receiving her Right-to-Sue Letter.

## FACTUAL ALLEGATIONS

15. Plaintiff incorporates by reference paragraphs 1 through 14 hereinabove as though set forth fully and separately herein.

## *Background*

16.     Mrs. Scites was hired by Defendant and began her employment with Valwood on or about January 6, 2021, as its finance manager.

17.     Mrs. Scites speaks with a pronounced British accent; as such, Valwood's staff were well aware that she came from England.

18.     Throughout her employment, Mrs. Scites reported directly to John Davis ("Mr. Davis"), Defendant's principal, as well as to Harrison Tilman ("Tilman"), a CPA with the accounting firm Tilman and Tilman.

19.     Mrs. Scites also regularly worked with the Valwood's office manager, Rebecca Wetherington ("Ms. Wetherington").

20.     Mrs. Scites also regularly interacted with other Valwood staff members, faculty, and parents.

### *Threats, Intimidation, and Ridicule*

21.     In November 2022, during a conversation between Mrs. Scites and Ms. Wetherington concerning a letter to a parent who had not paid fees, Ms.

Wetherington derisively told Mrs. Scites, "You're not in London anymore; you need to forget where you're from."

22. In another incident, in February 2023, Mrs. Scites was again harassed while carrying out her duties to provide financial reports. Stephanie Gee (a parent at Valwood who organized fundraisers) insulted Mrs. Scites about supposedly providing the wrong reports; she called her "stupid"; and said, "You don't know what you're doing."

23. Mr. Davis and Ms. Wetherington overheard the hostility, derision, and humiliation Mrs. Scites was being subjected to.

24. Mrs. Scites immediately reported the incident to Mr. Davis, but instead of taking prompt remedial action, he told Mrs. Scites, "You need to take being screamed at; you're in Georgia now."

25. In the spring of 2023, Valerie Blanton, the School's director of admissions, shouted at Mrs. Scites and told her that she didn't know how to do her job. Again, instead of promptly remedying this harassing behavior, neither Mr. Davis nor any of Mrs. Scites's supervisors did anything.

26.  Throughout her employment with Valwood, Mrs. Scites was excluded from office lunches, social events, and staff meetings that she should have been a part of as Valwood's finance manager.

27.  Her supervisors also began to gradually take away her job duties.

### *Mrs. Scites's Report of a Hostile Work Environment and Defendant's Failure to Take Prompt Remedial Action*

28.  On several occasions, Mrs. Scites attempted to schedule a meeting with Mr. Davis to address the problems she was having with constant harassment by Ms. Wetherington and other staff members.

29.  Mr. Davis canceled at least four of these meetings.

### *Termination of Employment*

30.  On or about March 27, 2023, Mr. Davis finally met with Mrs. Scites; however, instead of addressing her harassment complaints, Mr. Davis, on behalf of Valwood, terminated her employment effective immediately.

31.  To add insult to injury, he called the police to escort Mrs. Scites out of the building without allowing her to get her personal belongings. Mrs. Scites was humiliated by this.

### *Additional Retaliatory Conduct*

32. After Mrs. Scites's termination, a member of Valwood's staff removed positivity pay, a bank fraud prevention service.

33. Shortly thereafter, Valwood's bank notified the School that fraudulent charges had been made against the School's bank account.

34. Instead of contacting the bank to investigate the incident to determine who made the charges or purchases, Ms. Wetherington contacted the Lowndes County Sheriff's Office and filed a case report accusing Mrs. Scites of fraud.

35. This caused a Lowndes County Sheriff to contact Mrs. Scites in order to question her about fraud.

36. Mrs. Scites was humiliated by the accusation.

37. Mrs. Scites has worked in the finance industry for 24 years, during the past eight of which she worked as a finance manager.

38. An accusation of fraud against Mrs. Scites invariably has and will continue to cause her reputational harm.

39. Shortly after her termination, Valwood removed Mrs. Scites's two children from classes they were enrolled in by canceling an agreement.

40. Mrs. Scites suffered emotional distress and mental anguish as a result of Valwood penalizing her children in retaliation for her complaint about harassment.

## COUNT I

**(Hostile Work Environment on the Basis of National Origin in Violation of Title VII)**

41. Mrs. Scites incorporates by reference paragraphs 1 through 40 hereinabove as though set forth fully and separately herein.

42. Defendant violated 42 U.S.C. § 2000e-2(a)(1) because Mrs. Scites was the victim of national origin harassment to the degree that her workplace was permeated with discriminatory intimidation, ridicule, and insult that was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive working environment.

43. As a native of England, Mrs. Scites belongs to a protected group.

44. Mrs. Scites was subjected to unwelcome harassment at work on the basis of her British national origin.

45. The unwelcome harassment experienced by Mrs. Scites was sufficiently severe.

46. The unwelcome harassment experienced by Mrs. Scites was sufficiently pervasive.

47. Valwood is vicariously liable for the hostile work environment that Mrs. Scites experienced and that was engaged in by her supervisors because Valwood failed to investigate Mrs. Scites's numerous complaints, and as a consequence failed to take prompt remedial action.

48. Valwood is directly liable for the hostile work environment that Mrs. Scites experienced and that was engaged in by her co-workers or those acting in the capacity of a co-worker because it knew or should have known about the national origin harassment, and it failed to stop it.

49. As a result of the racially hostile work environment, Plaintiff suffered emotional distress, humiliation, embarrassment, and mental anguish.

## COUNT II

## (Retaliatory Mistreatment in Violation of Title VII)

50. Mrs. Scites incorporates by reference paragraphs 1 through 49 hereinabove as though set forth fully and separately herein.

51. Defendant violated 42 U.S.C.A. § 2000e-3(a) because it mistreated Mrs. Scites in retaliation for engaging in the protected activity of opposing practices (i.e., national origin harassment) that she reasonably believed was in violation of Title VII.

52. Defendant's mistreatment of Mrs. Scites well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.

53. Mrs. Scites engaged in protected activity under Title VII on numerous occasions throughout her employment by complaining about harassing behavior due to her being an "outsider" (i.e., from England).

54. On one such occasion after a complaint, she was told to accept the treatment because she was in Georgia now. This and other comments might well

dissuade a reasonable worker from engaging in the protected activity of filing additional complaints of harassment or discrimination.

55. The retaliatory mistreatment that Mrs. Scites experienced caused her to experience emotional distress, humiliation, embarrassment, and mental anguish.

## COUNT III
### (Retaliation in Violation of Title VII)

56. Mrs. Scites incorporates by reference paragraphs 1 through 55 hereinabove as though set forth fully and separately herein.

57. Defendant violated 42 U.S.C.A. § 2000e-3(a) because it terminated Mrs. Scites's employment in retaliation for engaging in the protected activity of opposing practices (i.e., national origin discrimination) that she reasonably believed were a violation of Title VII.

58. On or about March 27, 2023, Mr. Davis met with Mrs. Scites and terminated her employment effective immediately.

59. This unlawful termination has caused her to experience emotional distress, humiliation, embarrassment, mental anguish, lost wages, lost benefits, and other economic harm.

60.     Even after she was terminated, Valwood continued to retaliate and punish Mrs. Scites by removing her two children from classes they were enrolled in at the School for no valid reasons whatsoever.

61.     Additionally, Valwood, spitefully in retaliation for her complaints of harassment, recklessly accused Mrs. Scites of fraud, causing law enforcement to contact her and question her.

62.     This unlawful termination has caused her to experience emotional distress, humiliation, embarrassment, mental anguish, and other economic harm.

## COUNT IV
### (Termination in Violation of Title VII)

63.     Mrs. Scites incorporates by reference paragraphs 1 through 62 hereinabove as though set forth fully and separately herein.

64.     Defendant violated 42 U.S.C. § 2000e-2(a)(1) by discharging Mrs. Scites because of her national origin.

## COUNT V.
### (Punitive Damages)

65. Defendant is liable to Plaintiff for punitive damages pursuant to Title VII because Defendant engaged in discrimination with malice or reckless indifference to her federally protected rights and the discriminatory conduct was approved or countenanced by Defendant's upper management, namely Valwood's principal Mr. Davis.

## JURY TRIAL DEMAND

66. Plaintiff requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** based on the above-stated claims that Defendant has violated Plaintiff's rights afforded to her under Title VII, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant and order the following relief as allowed by law:

A. Compensatory damages, including but not limited to compensation for her emotional distress, embarrassment, mental anguish, and inconvenience;

B. Back pay and lost benefits;

C. Actual losses;

D. Punitive damages to the extent allowed by law;

E. Attorneys' fees and the costs of this action;

F. Prejudgment and post-judgment interest at the highest lawful rate; and

G. Such further relief as the Court deems just and proper.

Respectfully submitted this 20th day of December 2023.

**HKM EMPLOYMENT ATTORNEYS LLP**

By: s/ *Jermaine A. Walker*

Jermaine "Jay" A. Walker
HKM Employment Attorneys LLP
3344 Peachtree Road NE, Suite 800
Office No. 35
Atlanta, GA 30326
(Telephone) 404-301-4020
(Fax) 404-301-4020
jwalker@hkm.com

**Attorney for Plaintiff**